**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth W Reed, | No. CV-15-00470-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| Corizon LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Kenneth Reed's motion for new trial. Doc. 136. Previously, this Court granted Defendants' motion for summary judgment. Doc. 130. This Court will interpret Plaintiff's motion as a motion for reconsideration.

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing*, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in

the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

In his motion, Reed does not direct the Court's attention to newly discovered evidence or an intervening change in controlling law. Rather, Reed appears to argue that this Court committed clear error when it granted Defendants' motion for summary judgment. Specifically, Reed claims that his response to Defendants' motion was timely. This Court disagrees.

Relying on Local Rule 7.2(c), Reed believes that he should have been granted 14 days to file his response. However, Local Rule 7.2(c) states that Reed shall have 14 days to file a responsive memorandum "*unless otherwise ordered by the Court*." On September 11, 2017, this Court granted Reed's request for additional time to file his response but limited the time to 10 days. The Court also noted that further extensions were unlikely to be granted. Further, Plaintiff was previously provided with more than 125 days of additional time to file his response to Defendants' motion. Because the Court did not commit a clear error when it granted Defendants' motion for summary judgment, Plaintiff's motion is denied.

…

…

…

…

…

…

…

…

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Kenneth Reed's motion for a new trial is denied. Doc. 136.

**IT IS FURTHER ORDERED** that Plaintiff's remaining motions are denied as moot.

**IT IS FURTHER ORDERED** that this case shall remain closed.

Dated this 24th day of September, 2018.

_____
Honorable Raner C. Collins
United States District Judge